IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILLIPPE ROGERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:11-cv-1172 |
| DR. JUDD BAZZEL, *et al.*, | ) ) Judge Haynes |
| Defendants. | ) ) |

## MEMORANDUM

Plaintiff, Phillippe Rogers, a state inmate at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, filed this action under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. Plaintiff's claims involved alleged events that occurred in 2007 and 2008 when Plaintiff was housed at the Davidson County Criminal Justice Center, operated by the Davidson County Sheriff's Office ("DCSO"). By separate Order, the Court has granted Plaintiff's application to proceed without prepayment of fees and costs, and has directed that the complaint be filed *in forma pauperis*.

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must determine whether the complaint should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b. The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As set forth herein, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted and is therefore subject to dismissal.

### A. Analysis of the Complaint

In his April 2008 complaint, Plaintiff named as Defendants: the Davidson County Sheriff's Office, Correct Care Solutions ("CCS"), ABL Management, Dr. Judd Bazzell, Nurse Amy Jones, Sheriff Daron Hall, and various corrections officers. Plaintiff alleged that the Defendants were deliberately indifferent to his serious medical needs. *Rogers v. Davidson Cnty. Sheriff's Office*, No. 3:08-cv-00547 (M.D. Tenn. April 23,

2008). More specifically, Plaintiff alleged that he has multiple schlerosis ("MS"), and that, prior to his incarceration, he had failed conventional medical treatment with interferons such as Avonex, and immunomodulators such as Copaxone. Plaintiff's treatment was an unconventional medical therapy that included Apitherapy, Procaron, a histamine patch, chelation therapy, an organic-foods diet, physical therapy, and Marinol.[1] While at DCSO, Plaintiff's medical care was provided by CCS and in particular, Dr. Bazzell. Dr. Bazzell was allegedly aware that conventional therapies had failed for Plaintiff, but declined to pursue the alternative and non-FDA-approved course of treatments for Plaintiff's MS, as described above. Dr. Bazzell allegedly prescribed a high-fiber diet, and treatment of Plaintiff's pain symptoms with anti-inflammatory medication and muscle relaxants, and antidepressant medication. Dr. Bazzell was allegedly deliberately indifferent to Plaintiff's serious medical needs based on the failure to authorize and provide the alternative treatments Plaintiff requested for his MS.

In his 2008 complaint, Plaintiff also alleged that occasionally he did not receive the appropriate high-fiber foods from ABL that was to provide these foods. In an earlier action, a Report and Recommendation, the Magistrate Judge recommended that the Defendants' motions for summary judgment be granted for Plaintiff's failure to exhaust his administrative remedies. In that Report, the Magistrate Judge noted for Plaintiff's eleven grievances for ABL's failure to comply with Plaintiff's special-diet prescription from October 2007 through the date of his filing his complaint in April 2008. One grievance was "sustained"; but the remainder were "unsustained."

Plaintiff also filed a grievance for Dr. Bazzell's refusal to treat Plaintiff's MS, his pre-incarceration treatment and the response to that grievance stated:

> INMATE HAS RECEIVED MEDICAL TREATMENT FROM CJC. HAS BEEN EVALUATED AT SICK CALL AND SEEN BY PROVIDER. ALSO SCHEDULED TO SEE PROVIDER THIS WEEK. THE INMATES PREVIOUS THERAPIES OF APITHERAPY, CHELATION THERAPY OR CANNABIS THERAPY, AS MENTIONED IN GRIEVANCE, ARE NOT STANDARDS OF TREATMENT FOR MS AND THEREFORE WILL NOT BE PRESCRIBED BY THE HEALTHCARE PROVIDER. UNSUSTAINED

(Case No. 3:08-cv-547, ECF No. 112, at 3.) The record did not reflect that Plaintiff filed any further

---

[1] Apitherapy is an alternative treatment utilizing honeybee venom. Chelation is an intravenous detoxification therapy. Marinol is a prescription medication the active ingredient of which is a synthetic derivative of marijuana.

grievances arising from the nature of the pharmacological treatment he was receiving. Plaintiff did not pursue an appeal of the denial of any of his unsustained grievances.

The Magistrate Judge concluded that the DCSO grievance policy in the inmate handbook that was provided to Plaintiff, claims provided that any appeal must be submitted within five days of an inmate's receipt of an unsatisfactory grievance response.

Under *Jones v. Bock*, 549 U.S. 199, 211 (2007), for a condition of his confinement action under a § 1983 action, Plaintiff must exhaust his available administrative remedies, including the administrative review process defined by the grievance procedures. The Magistrate Judge concluded that Plaintiff failed to appeal the denial of the grievances under DCSO's published grievance procedures that precluded in prior action. The District Judge accepted the Report and Recommendation and dismissed Plaintiff's claims without prejudice for failure to exhaust administrative remedies. (Case No. 3:08-cv-547, ECF No. 126.) Plaintiff appealed but the Sixth Circuit affirmed the decision by mandate issued December 15, 2010.

In his "amended" complaint in this action, (Docket Entry No. 1, at 1), Plaintiff attaches a narrative that is functionally identical to the allegation in his 2008 complaint alleging identical facts. The only substantial difference are new documents of Plaintiff's attempts to appeal the denials of his 2007 and 2008 grievances that were the subject of his 2008 complaint.

These new documents reflect that on September 29, 2011, Plaintiff appealed the grievances originally filed on September 4, 2007, October 22, 2007, August 4, 2007, November 20, 2007, January 30, 2008, July 29, 2008, September 15, 2008. Plaintiff received a response letter dated October 26, 2011 from Sheriff's administrative assistant acknowledging receipt of the grievance appeals dated September 29, 2011, citing DCSO's grievance policy concerning appeals. This letter states, however, that the original 2007 and 2008 grievances were filed and given that the appeals were in 2011 Plaintiff's claims were not timely and would not be considered. (Docket Entry No. 1, at 7.)

Under 42 U.S.C. § 1997e(a),[2] a prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law contesting the conditions of his confinement. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). The Supreme Court has held that the PLRA requires proper exhaustion of administrative remedies so that corrections officials are afforded the "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 525 (2002)). In addition, proper exhaustion serves to: (1) give inmates an incentive to make full use of the prison grievance process; (2) reduce the quantity of prisoner suits; and (3) improve the quality of prisoner suits. *Id.* at 93–94. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* at 95. The Supreme Court emphasized that the exhaustion requirement set forth in the PLRA mandates "proper exhaustion," which demands compliance with prison procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). Thus, under *Woodford*, if a plaintiff's grievance were not timely filed under the prison's administrative rules, plaintiff has not properly exhausted his administrative remedies and his claim is barred. Yet, in *Jones* the Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

Under the PLRA prisoners must properly exhaust their claims prior to filing an action, but are not required to *plead* exhaustion in their complaints. Yet, prisoner petitions must be dismissed *sua sponte,* if from the face of the complaint, plaintiff fails to state a claim upon which relief may be granted.

Here, documents attached to Plaintiff's complaint reflect his failure to meet the PLRA's exhaustion requirement. Under *Woodford*, Plaintiff failed to exhaust his administrative remedies "properly" because Plaintiff did not comply with the procedural rules of the DCSO grievance policy by filing his grievance appeals more than five days (in fact, more than three years) after his receipt of the responses to his original grievances. *Woodford*, 548 U.S. at 95. Under *Jones*, Plaintiff's complaint is subject to *sua sponte* dismissal

---

[2] Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

-4-

for failure to state a claim even though failure to exhaust is a typically an affirmative defense, because in this case the affirmative defense appears on the face of the pleadings and suffices to establish the existence of the defense. *Jones*, 127 S.Ct. at 920-21. Under the circumstances, serving the complaint on defendants and requiring the filing of a motion to dismiss for failure to exhaust would be a waste of both this Court's valuable time and resources as well as those of the defendant.

The Court concludes that Plaintiff's claims that were dismissed without prejudice in 2009 for his failure to exhaust must be dismissed with prejudice for his failure to pursue a timely administrative appeal of the denial of his grievances.

An appropriate order is filed herewith.

_____
William J. Haynes, Jr.
United States District Judge